## WILLIAM W. STOUT *vs.* WILLIAM P. McMASTERS.

### July 8, 1887.

Appeal from Judgment—Modification—Reversal.—Upon an appeal from a judgment, if it be considered that the judgment cannot stand on account of error upon the trial affecting the amount of the recovery, the right to recover substantial damages upon a future trial should not, in general, be barred, without consent, by reducing the judgment to nominal damages, instead of reversing it.

Appeal by plaintiff from an order of the district court for Nicollet county, *Webber*, J., presiding, reversing a judgment of a justice's court.

*C. R. Davis*, for appellant.

*G. S. Ives*, for respondent.

DICKINSON, J.[1] This action was commenced in a justice's court, to recover for injuries done by the defendant's sheep to a field of growing wheat. The plaintiff recovered $6.25 as damages. The defendant appealed to the district court upon questions of law alone, where, for error in the reception of the evidence of a witness (Arnold) as to the amount of the injury, the judgment of the justice was reversed. The plaintiff then appealed to this court, and here the assignments of error present only the question whether the district court ought not to have *modified* the judgment of the justice, so as to allow nominal damages, instead of reversing it.

It seems to us that there was but little merit in the defendant's

---

[1] Berry, J., because of illness, took no part in the decision of this case.

appeal to the district court, notwithstanding the error referred to. There was no dispute as to the trespass. In view of the amount of the verdict, the objectionable testimony of the witness Arnold cannot have very seriously enhanced the recovery. We think there was no other prejudicial error in the case.

Neither do we see any substantial merit in the assignments of error upon which this appeal is presented by the plaintiff. There was no really contested right of property involved, in respect to which it could be important for the plaintiff to recover nominal damages. If, upon an appeal in an action prosecuted for the recovery of substantial damages, it should be considered that the judgment could not stand on account of error in the trial affecting the amount of the recovery, the plaintiff's right to renew the action should not be barred, without his consent, by a modified judgment for nominal damages. There was no error, then, in reversing, instead of thus modifying, the judgment. But, as the appellant now claims that the judgment of the justice should have been thus modified, rather than reversed, and since such a course will terminate a litigation which must be unprofitable alike to both parties, the judgment of the district court will be modified so as to modify the judgment of the justice of the peace, reducing the recovery of damages to six cents, but no costs will be allowed upon this appeal.